MICHAEL MCSHANE (SBN 127944)
JONAS P. MANN (SBN 263314)
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 576-1776
mmchane@audetlaw.com
jmann@audetlaw.com

CLAYTON HALUNEN (to apply *Pro Hac Vice*)
MELISSA W. WOLCHANSKY (to apply *Pro Hac Vice*)
**HALUNEN & ASSOCIATES**
80 South Eighth Street, Suite #1650
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile: (415) 568-2556
halunen@halunenlaw.com
wolchansky@halunenlaw.com

CHARLES J. LADUCA (to apply *Pro Hac Vice*)
MATTHEW E. MILLER (to apply *Pro Hac Vice*)
WILLIAM H. ANDERSON (to apply *Pro Hac Vice*)
**CUNEO GILBERT & LADUCA LLP**
507 C St., N.E.
Washington, DC 20002
Telephone: (202) 789-3960
charlesl@cuneolaw.com
mmiller@cuneolaw.com
wanderson@cuneolaw.com

ROBERT SHELQUIST (to apply *Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com

JON M. HERSKOWITZ
**BARON & HERSKOWITZ**
9100 S. Dadeland Blvd.
Suite 1704
Miami, FL 33156
Telepohone: (305) 670-0101
Fax: (305) 670-2393
jon@bhfloridalaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN NEOCLEOUS and SHAEFER WIESE, individually, and on behalf of all others similarly situated,**<br><br>               **Plaintiffs,**<br><br>               **v.**<br><br>**APPLE INC.,**<br><br>               **Defendant.** | **Case No. _____**<br><br>**CLASS ACTION COMPLAINT:**<br><br>**(1) CALIFORNIA'S UNFAIR COMPETITION LAW(§ 17200);**<br>**(2) CALIFORNIA'S FALSE ADVERTISING LAW (§ 17500 *ET SEQ*.);**<br>**(3) CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT (§ 1750 *ET SEQ*.);**<br>**(4) UNJUST ENRICHMENT (IN THE ALTERNATIVE)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Steven Neocleous and Shaefer Wiese ("Plaintiffs"), individually and on behalf of all others similarly situated, file this Class Action Complaint against Defendant Apple Inc. ("Defendant") upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia,* the investigation made by their attorneys, as follows:

## NATURE OF THE ACTION

1.      By misrepresenting and omitting crucial material facts relating to the usable storage capacity on 8 and 16 Gigabyte ("GB") iPhones, iPads and iPods ("Device" or collectively "Devices"), reasonable consumers are misled with respect to the storage space actually available. In fact, as explained in greater detail below, the iOS 8 operating system uses an unexpectedly large percentage of the storage capacity on 8 GB and 16 GB iPhones, iPads and iPods, so that consumers have considerably less space available than Defendant advertises.

2.      Through various advertising and marketing tactics, Defendant has consistently represented to consumers that the Devices contain 8 or 16 Gigabytes of storage space.  Yet Defendant does not tell consumers that as much as 23.1% of the Devices' advertised storage capacity will be inaccessible to the consumer due to mandatory preinstalled iOS 8 software. As a result of consistent misrepresentations and omissions regarding the actual storage capacity of the Devices, reasonable consumers, such as Plaintiffs, do not expect that they are, in fact, purchasing a Device that contains significantly less storage capacity than that promised by Defendant.

3.      When making statements to consumers at the time they initially purchased the Devices, Defendant knowingly omitted material facts about the Devices' useable storage capacity. These omissions provided a false pretense regarding the storage capacity of the Devices, upon which reasonable consumers relied when purchasing the Devices.  Plaintiffs bring this lawsuit individually and on behalf of a class of similarly situated persons who have purchased one or more of the Devices. This class action seeks to halt Defendant's deceptive marketing of the Devices and seeks damages for Defendant's illegal conduct in violation of California's Unfair Competition Law § 17200; California's False Advertising Law § 17500 *et seq*; and California's

Consumer Legal Remedies Act § 1750 *et seq*. The lawsuit further alleges that Defendant was unjustly enriched by its deceptive marketing at the expense of Plaintiff and the Class.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), as the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Plaintiff seeks to represent class members who are citizens of States other than Defendant's state of citizenship.

5.      Venue is proper in this Court because Defendant resides in this District, and a substantial part of the events alleged in this Complaint giving rise to Plaintiffs' claims, including the dissemination of the false and misleading advertising, occurred in and were directed from this District.

## THE PARTIES

6.      Plaintiff Steven Neocleous is a citizen of New York who resides in Flushing, New York. He purchased his 16 Gigabyte iPhone 5 from PC Richards and Sons in College Point, Queens, New York. Plaintiff Neocleous relied on Defendant's representations that the Device would contain 16 Gigabytes of storage space for his own personal use. Had Plaintiff Neocleous known that the statements regarding the Device's actual storage capacity were false and misleading, he would not have purchased the Device or paid a premium for the amount of storage advertised.

7.      Plaintiff Shaefer Wiese is a citizen of Minnesota who resides in Minneapolis, Minnesota. He purchased his 16 Gigabyte iPhone 6 from a Target store in Minnetonka, Minnesota. Plaintiff Wiese relied on Defendant's representations that the Device would contain 16 Gigabytes of storage space for his own personal use. Had Plaintiff Wiese known that the statements regarding the Device's actual storage capacity were false and misleading, he would not have purchased the Device or paid a premium for the amount of storage advertised.

8.      Defendant Apple Inc. is a corporation organized under the laws of the State of California, and has its corporate headquarters at 1 Infinite Loop, Cupertino, California 95014.

CLASS ACTION COMPLAINT

## **BACKGROUND**

9.      According to the International System of Quantities ("ISQ"), storage capacity is usually measured in units called bytes. These measurements commonly arise from a base 10 or "decimal" system: a kilobyte ("KB") is one thousand ($10^3$) bytes, a megabyte ("MB") is one million ($10^6$) bytes, and a gigabyte ("GB") is one billion ($10^9$) bytes.

10.     Storage capacity under the ISQ may also be measured in "binary" units. Using a base 2 system rather than a base 10 system, binary measurements capture slightly larger quantities: a kibibyte ("KiB") is $2^{10}$ or 1024 bytes; a mebibyte ("MiB") is $2^{20}$ or 1,048,576 bytes; and a gibibyte ("GiB") is $2^{30}$ or 1,073,741,824 bytes.

11.     Sometimes, in practice, manufacturers use decimal terms to describe quantities more accurately represented in binary units – for example, a manufacturer may use the term "gigabyte" interchangeably to represent either 1 billion or 1,073,742,824 bytes. Some devices containing hard disk drives (including the Devices at issue in this action) will, when they display their storage capacities to the consumer, use the term "GB" to indicate 1,073,742,824 bytes rather than one billion bytes.

12.     Defendant advertises the Devices using the decimal term "gigabyte," or "GB." Therefore the capacity of 8 GB Devices is advertised by Defendant as 8 billion bytes. The storage capacity of 16 GB devices is advertised as 16 billion bytes.

13.     In reality, nothing close to the advertised capacity of the Devices is available to consumers. For the Devices, the shortfall ranges from 18.1-23.1%.

14.     Consumers are further confused by Defendant's interchangeable use of decimal terms and binary terms.  On information and belief, the Devices display available capacity based on the binary system, even though storage capacity is advertised using the decimal system. The Devices display the abbreviation GB, rather than GiB, even though they are apparently referring to gibibytes and not gigabytes. Using the same word to mean two different things means even technically savvy consumers cannot determine how much storage space is actually available on the Devices.

15.     Few consumers are likely to understand that the abbreviation "GB" actually refers to gibibytes.  Even fewer consumers can or will make the mathematical conversion from gibibytes to gigabytes.  Thus, Defendant's use of "GB" obscures to a reasonable consumer exactly how much storage space is on the Devices.

16.     Whether presented in gibibytes or gigabytes, the storage capacity on the Devices that is available to consumers is materially less than what is represented in Defendant's advertising.

17.     Defendant compounds its misrepresentations by partitioning the Devices' storage space into a "media" partition and a "root" partition.  Only the space available on the media partition may be used by the consumer.  The space on the root partition is wholly within Defendant's control; it cannot be used or modified by the consumer.  On information and belief, Defendant makes the root partition larger than it needs to be, which correspondingly shrinks the media partition available to the consumer. As a result of Defendant's partitioning the storage space, a consumer's media partition may fill up and the Device may instruct the consumer to purchase iCloud storage, even though there is room on the root partition.

## FACTUAL ALLEGATIONS

18.     Since 2001, Defendant has manufactured and marketed a line of "iPod" audio players. Since 2007, Defendant has manufactured and marketed a line of "iPhone" mobile telephones. And since April 3, 2010, Defendant has manufactured and marketed a line of "iPad" tablet devices. As noted above, 8 GB and 16 GB versions of the iPhones, iPods and iPads are collectively referred to herein as the "Devices."

19.     During the relevant time period, Defendant has made representations to consumers about the storage capacities of its 8 GB and 16GB iPhones, iPads and iPods.

20.     Defendant currently markets and sells the iPhone 6 and 6+, introduced in or about September 2014. Predecessor models include the iPhone 5s and 5c introduced in or about September 2013, and the iPhone 4s introduced on or about October 10, 2011.

21.     In its advertising, Defendant represents that iPhone 6 and 6+ are available with a storage capacity of 16 GB.  Defendant also represented that earlier iPhone models were available with a storage capacity of 8 GB.

22.     In August 2012, Plaintiff Steven Neocleous purchased his 16 Gigabyte iPhone 5 from PC Richards and Sons in College Point, Queens New York. Plaintiff Neocleous purchased his Device primarily for personal, family, or household use.  Plaintiff Neocleous paid $100 for his Device, which was purchased with iOS 7.

23.     Plaintiff Neocleous purchased his Device relying on Defendant's representation that the Device had 16 GB of storage space.  When Defendant offered Plaintiff an upgrade from iOS 7 to iOS 8, Defendant did not disclose the amount of storage capacity that would be consumed by the upgrade.  As a result of Defendant's representation that the Device had 16 GB of storage space, and as a result of Defendant's failure to disclose that the iOS 8 upgrade would consume substantial storage space, Plaintiff agreed to upgrade to iOS 8 believing that the upgrade would not substantially reduce his available storage capacity.

24.     In December 2014, Plaintiff Shaefer Wiese purchased his 16 Gigabyte iPhone 6 from a Target store in Minnetonka, Minnesota. Plaintiff Wiese purchased his Device primarily for personal, family, or household use.  Plaintiff Wiese paid somewhere between $100 and $200 upfront for his Device and agreed to monthly payments of $20 until December of 2016, which was purchased with iOS 8.1 pre-installed.

25.     Defendant employs false, deceptive and misleading practices in connection with marketing, selling, and distributing the Devices. For example, in its advertising, marketing, and promotional materials, including Defendant's Internet website, product packaging, and product displays, Defendant misrepresents the iPhone 6 as having 16 GB of storage capacity.

26.     Defendant knows—but conceals and fails to disclose in its advertising, marketing and promotional materials—that the operating system and other pre-installed software consume a substantial portion of the represented storage capacity of each of the Devices. The represented capacity, is not, therefore, storage space that the consumer can actually use to store files after purchase. Thus, for a consumer who purchases a "16 GB" iPhone, iPad, or iPod with iOS 8 pre-

installed, or who upgrades to iOS 8, as much as 23.1% of the represented storage capacity is inaccessible and unusable.

27. The following table depicts the discrepancy between represented storage capacity, and storage capacity actually available to purchasers, on certain iPhones and iPads (with iOS 8 installed) recently examined by Plaintiffs' counsel:

| Device | Represented Capacity | Capacity Available to User | | Capacity Unavailable to User | |
|---|---|---|---|---|---|
| | (GB) | (GiB) | (GB) | (GB) | (%) |
| iPhone 6+ | 16 | 11.8 | 12.7 | 3.3 | 20.6% |
| iPhone 6 | 16 | 12.1 | 13.0 | 3.0 | 18.8% |
| iPhone 5s | 16 | 12.2 | 13.1 | 2.9 | 18.1% |
| iPad Air | 16 | 11.7 | 12.6 | 3.4 | 21.3% |
| iPad | 16 | 11.7 | 12.6 | 3.4 | 21.3% |
| iPod | 16 | 11.5 | 12.3 | 3.7 | 23.1% |

28. Consumer frustration regarding the actual storage capacity of the Devices is widespread. The following represents a small sample of internet postings by owners of Defendant's shingles [sic throughout]:

> I am noticing on the 64 gig phone that 8 gigs are gone 56gb out of 64, and curious to see if that's the OS or just because it's the bigger storage size. I'm thinking of switching to the 16gb plus and I won't if there's only 6-7 gigs on the phone.[1]

> I have a 64 GB iPhone 6 and only have 56 GB capacity. It's surprising that the OS and the undeleteable stock apps are taking 8 GB of space. I restored to factory settings right after I got the phone to see if it would free up any of that space and it didn't. I'm curious how much is available on a 16 GB iPhone 6 or 6 Plus as well. I deleted every app that it let me when I got the phone. It let me uninstall Pages, Garage Band, etc. The only new app I have on my phone that it wouldn't let me delete is Health, yet I still only have a 56 GB capacity.[2]

---

[1] *See* EVERYTHINGICAFE, http://forums.everythingicafe.com/threads/to-those-who-got-the-16gb-iphone.106783/ (last visited Jan. 21, 2015).

[2] *Id.*

Hi on the 16gb it's taking just under 4gb, so we are left with 12gb.[3]

It's not just the OS and apps, disk formatting also eats up some space. But the main reason isthe difference between colloquial "GB's" (10^9 bytes) and how the OS probably calculates it in GiB's (1024^3 or 2^30 bytes).[4]

If you look at any formatted drive (even blank ones), they never add up to what was advertised on the box.[5]

29.    Several purchasers and bloggers have confirmed that the actual capacity of the Devices is substantially less than the represented capacity.

30.    A blogger reported that a "16 GB" iPad only afforded 13 GB of usable storage, and noted that "selling a 16 GB iPad that really only has 13 GB available (after iOS is installed) – is deceptive."[6]

31.    An average consumer, when considering whether to purchase Defendant's Devices, would consider the amount of storage space available to the consumer to be a material fact.

32.    An average consumer, when considering whether to purchase Defendant's Devices, would reasonably interpret Defendant's representation that a Device has "8 GB" or "16 GB" of storage capacity to mean that the Device would allow the consumer to actually use 8 GB or 16 GB of storage capacity.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *See* KIRKVILLE, http://www.mcelhearn.com/apples-ios-apps-are-bloated-and-how-many-gigs-do-you-get-on-a-16-gb-ios-device/ (last visited Jan. 21, 2015); *see also* David Price, *What's an iPhone or iPad's true storage capacity?*, MACWORLD, (April 10, 2014), http://www.macworld.co.uk/feature/ipad/whats-iphone-or-ipads-true-storage-capacity-3511773/ ("a 16GB iPhone 5s offers 12.2GB of true capacity, and a 16GB iPhone 5c allows 12.6GB," apparently using the binary definition of gigabyte); Allyson Kazmucha, *What iPhone 6 and iPhone 6 Plus storage size should you get: 16 GB vs. 64GB, vs. 128 GB?*, iMORE (Sept. 11, 2014), http://www.imore.com/16gb-vs-64gb-vs-128gb-which-iphone-6-and-iphone-6-plus-storage-size-should-you-get ("out of 16 GB of storage you get only 12~13").

33.     An average consumer, when considering whether to purchase Defendant's Devices, would not reasonably expect that more than 20% of a Device's advertised storage capacity is consumed by iOS 8.

34.     Defendant fails to disclose to consumers that pre-installed iOS 8 consumes up to 3.7 GB on a device represented to have 16 GB of storage capacity. For example, Defendant misrepresents that an iPhone 6+ has 16 GB of storage space while concealing and failing to disclose that, on models with iOS 8 pre-installed, more than 20% of that space is not space that the consumer can access and use to store his or her own files.

35.     In addition to misleading consumers who purchase Devices with pre-installed iOS 8, Defendant misleads consumers whose Devices run its predecessor operating systems.

36.     An upgrade from iOS 7 to iOS 8 consumes between 600 MB and 1.3 GB of storage space.  This is confirmed by comparison of devices with iOS 7 and iOS 8 installations, and reports by others.[7]

37.     An average consumer, when considering whether to upgrade a Device's operating system to iOS 8, would consider the amount of storage space available to the consumer to be a material fact.

38.     An average consumer, when considering whether to upgrade a Device's operating system to iOS 8, would not expect the upgrade to consume between 600 MB and 1.3 GB of storage space and render that storage space inaccessible to the consumer.

39.     Defendant misrepresents and fails to disclose to consumers whose Devices run predecessor operating systems that an upgrade to iOS 8 will consume between 600 MB and 1.3 GB of storage space.

40.     Defendant does not allow consumers who have upgraded to iOS 8 to revert back to iOS 7 or another operating system.

---

[7] *See* Andrew Cunningham, *iOS 8, thoroughly reviewed*, ARS TECHNICA, (September 17, 2014), http://arstechnica.com/apple/2014/09/ios-8-thoroughly-reviewed/2/#install.

CLASS ACTION COMPLAINT

41.     An average consumer, considering whether to purchase one of Defendant's Devices, would rely on Defendant's representations of the Devices' storage capacities to determine whether the storage capacity of a particular Device will be sufficient for their needs.

42.     Most Devices are sold with the base level of storage, currently represented to be either 8 or 16 GB depending on the Device.  Defendant prices the base model lower than models with higher storage capacity.

43.     Defendant's misrepresentations and omissions as to storage capacity fall hardest on consumers who purchase the base level of its Devices.  Because base level Devices have the least storage capacity, consumers who purchase them experience the most acute shortfall of storage capacity, and are most likely to run out of storage capacity sooner than expected due to Defendant's misrepresentations and omissions.

44.     Defendant exploits the discrepancy between represented and available capacity for its own gain by offering to sell, and by selling, cloud storage capacity to purchasers whose internal storage capacity is at or near exhaustion. In fact, when a Device's storage capacity approaches its limit, the Device offers the purchaser the opportunity to purchase "iCloud" cloud storage. For this service, Defendant charges prices ranging from $0.99 to $29.99 per month.

45.     Defendant does not permit users of its Devices to access other vendors' cloud storage services, nor do any of the Devices (unlike certain competitors' smartphones, including most phones using the Android operating system) permit the user to insert SD cards or other supplemental storage units. Defendant also does not permit users to freely transfer files between the Devices and a PC using a "file manager" utility – an option available to most users of Android or Windows-based portable devices.

46.     Plaintiffs hereby bring this class action seeking redress for Defendant's unfair business practices, false or deceptive or misleading advertising, and violations of New York and Minnesota Statutes.

## **CLASS ACTION ALLEGATIONS**

47.     This action may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

48.     Plaintiffs bring this action as a class action on behalf of themselves and the following classes ("the Classes"): (1) (a) an "iOS 8 Purchaser Class" consisting of all persons or entities in the United States who purchased an iPhone, iPod or iPad with represented storage capacity of 16 GB or less with iOS 8 pre-installed for purposes other than resale or distribution, and (b) an "iOS 8 Purchaser CLRA Subclass" consisting of all persons in the United States who purchased an iPhone, iPod or iPad with represented storage capacity of 16 GB or less with iOS 8 pre-installed for personal, family or household use within the four years preceding the filing of this Complaint, (2)(a) an "Upgrade Class" consisting of all persons or entities in the United States who upgraded an iPhone, iPod or iPad with represented storage capacity of 16 GB or less to iOS 8, and (b) an "Upgrade CLRA Subclass" consisting of all persons or entities in the United States who upgraded an iPhone, iPod or iPad used for personal, family or household use with represented storage capacity of 16 GB or less to iOS 8.

49.     Excluded from the Classes are the Defendant, any entity in which Defendant has a controlling interest of Defendant, Defendant's legal representatives, assigns, and successors, and all officers, directors, employees, or agents of the Defendant.

50.     The members of the Classes are so numerous that joinder of all members would be impracticable. Plaintiffs do not know the exact size or identities of the proposed Classes, since such information is in the exclusive control of Defendant. Plaintiffs, however, believe that the Classes encompass at least tens of thousands of individuals.

51.     There are common questions of law or fact, among others, including

    a.  The nature, scope and operation of Defendant's wrongful practices;

    b.  Whether Defendant's advertising, marketing, product packaging, and other promotional materials were untrue, misleading, or reasonably likely to deceive;

    c.  Whether Defendant knew that its representations and omissions about the Devices' storage capacity were false or misleading, and whether it continued to make them despite its knowledge;

d.   Whether the amount of storage space consumed by its operating system and other pre-installed software was a material fact that Defendant failed to disclose to consumers;

e.   Whether, by the misconduct as set forth in this Complaint, Apple engaged in unfair or unlawful practices, pursuant to California Business and Professions Code § 17200, *et seq.*;

f.   Whether Defendant's conduct violated the California Consumer Legal Remedies Act;

g.   Whether Defendant's conduct violated the California Business and Professions Code § 17500, *et seq.*;

h.   Whether, as a result of Defendant's misconduct as set forth in this Complaint, Plaintiffs and the Classes are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief; and

i.   Whether Defendant has acted on grounds generally applicable to the Classes, making injunctive relief appropriate.

52.   Plaintiffs' claims are typical of the members of the Classes because Plaintiffs and all members of the Classes were injured by the same wrongful practices of Defendant as described in this Complaint. Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Classes members, and are based on the same legal theories. Plaintiffs have no interests that are contrary to or in conflict with those of the Classes they seek to represent.

53.   Plaintiffs will fairly and adequately represent the interests of the members of the Classes. Plaintiffs' interests are the same as, and are not in conflict with, the other members of the Classes. Plaintiff's counsel is experienced in class action and complex litigation.

54.   Questions of law or fact common to the members of the Classes predominate and a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by Classes

1   members are likely to be in the millions of dollars, the individual damages incurred by each Class

2   member resulting from Defendant's wrongful conduct are, as a general matter, too small to

3   warrant the expense of individual suits. It is very unlikely that individual members of the Classes

4   would prosecute separate claims and, even if every Class member could afford individual

5   litigation, the court system would be unduly burdened by individual litigation of their cases.

6   Individual litigation would also present the potential for varying, inconsistent, or contradictory

7   judgments and would magnify the delay and expense to all parties and to the court system

8   resulting from multiple trials of the same factual issues. Plaintiffs know of no difficulty to be

9   encountered in the management of this action that would preclude its maintenance as a class

10  action and certification of the Classes is proper.

11       55.    Classwide declaratory or injunctive relief would also be proper because

12  Defendant has acted or refused to act on grounds generally applicable to each Class and the

13  Classes as a whole.

## **FIRST CAUSE OF ACTION**

## **VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW ("UCL"),**

### **Cal. Bus. & Prof. Code § 17200, *et seq*.**

17       56.    Plaintiffs incorporate by reference all facts alleged above.

18       57.    Plaintiffs bring this claim on behalf of themsleves and on behalf of the Class.

19       58.    Defendant has violated California Business and Professions Code § 17200 by

20  engaging in unfair, unlawful, and fraudulent business acts or practices as described in this

21  Complaint, including but not limited to, disseminating or causing to be disseminated from the

22  State of California, unfair, deceptive, untrue, or misleading advertising as set forth above in this

23  Complaint.

24       59.    Defendant's practices are likely to deceive, and have deceived, members of the

25  public.

26       60.    Defendant knew, or should have known, that its misrepresentations, omissions,

27  failure to disclosure and/or partial disclosures omit material facts and are likely to deceive a

28  reasonable consumer.

61.     Defendant continued to make such misrepresentations despite the fact it knew or should have known that its conduct was misleading and deceptive.

62.     By engaging in the above-described acts and practices, Defendant committed one or more acts of unfair competition within the meaning of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

63.     Plaintiffs and all members of the Classes suffered injury in fact as a result of Defendant's unfair methods of competition. As a proximate result of Defendant's conduct, Plaintiffs and members of the Classes were exposed to these misrepresentations and omissions, purchased a Device(s) in reliance on these misrepresentations, and suffered monetary loss as a result.

64.     Plaintiffs, individually and on behalf of the Classes, seek an order of this Court against Defendant awarding restitution, disgorgement, injunctive relief and all other relief allowed under § 17200, *et seq.*, plus interest, attorneys' fees and costs.

65.     Apple is a California company disseminating advertising from California throughout the United States.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW ("FAL"),

## §17500, *et seq.*

66.     Plaintiffs incorporate by reference all facts alleged above.

67.     Plaintiffs bring this claim on behalf of themselves and on behalf of the Class.

68.     Defendant is a California company disseminating advertising from California throughout the United States.

69.     Defendant has engaged in a systematic campaign of advertising and marketing the Devices as possessing specific storage capacities. In connection with the sale of the Devices, and the promotion of iOS 8, Defendant disseminated or caused to be disseminated false, misleading, and deceptive advertising regarding storage capacity to the general public through various forms of media, including but not limited to product packaging, product displays, labeling, advertising and marketing. However, Defendant knew or reasonably should have known that the Devices do

CLASS ACTION COMPLAINT

not make available to users the advertised storage space, and that the failure to disclose the storage space consumed by iOS 8 (both to prospective purchasers of Devices with iOS 8 pre-installed and to prospective upgraders) was a material omission.

70.     When Defendant disseminated the advertising described herein, it knew, or by the exercise of reasonable care should have known, that the statements concerning iOS 8 and the storage capacity of its Devices were untrue or misleading, or omitted to state the truth about the Devices' storage capacity, in violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.

71.     As a proximate result of Defendant's conduct, Plaintiffs and members of the Class were exposed to these misrepresentations, omissions and partial disclosures, purchased the Devices in reliance on these misrepresentations, omissions and partial disclosures, and suffered monetary loss as a result. They would not have purchased the Devices, or would have paid significantly less for them, and/or would not have upgraded their Devices to iOS 8, had they known the truth regarding the actual storage capacities of the Devices when equipped with iOS 8.

72.     Defendant made such misrepresentations despite the fact that it knew or should have known that the statements were false, misleading, and/or deceptive.

73.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

74.     Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ the above-described practices in advertising the sale of the Devices and promoting iOS 8.

75.     Likewise, Plaintiffs seek an order requiring Defendant to make full corrective disclosures to correct its prior misrepresentations, omissions, failures to disclose, and partial disclosures.

76.     On information and belief, Defendant has failed and refused, and in the future will fail and refuse, to cease its deceptive advertising practices, and will continue to do those acts

unless this Court orders Defendant to cease and desist pursuant to California Business and Professions Code § 17535.

77.     Plaintiffs, individually and on behalf of the Class, seek restitution, disgorgement, injunctive relief, and all other relief allowable under § 17500, *et seq.*

## THIRD CAUSE FOR ACTION

## VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA"), § 1750, *et seq.*

78.     Plaintiffs incorporate by reference all facts alleged above.

79.     Plaintiffs bring this claim on behalf of themselves and on behalf of the Purchaser and Upgrader CLRA Subclasses.

80.     The acts and practices described in this Complaint were intended to result in the sale of goods, specifically a cellular phone, in a consumer transaction.

81.     The Defendant's acts and practices violated, and continue to violate, the Consumer Legal Remedies Act ("CLRA") in at least the following respects:

      a.     Defendant violated California Civil Code § 1770(a)(5) by representing that Devices and iOS 8 had characteristics, uses, and benefits that they did not have, including representations that they had specific storage capacities when that is not, in fact, the case;

      b.     Defendant violated California Civil Code § 1770(a)(9) by advertising the Devices as having specific storage capacities with the intent not to sell them as advertised.

82.     At this time, Plaintiffs disclaim any claim for damages under the CLRA but, pursuant to California Civil Code § 1780, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ any act prohibited by California Civil Code§ 1770 *et seq.*

83.     Plaintiffs expressly reserve the right to amend this Complaint to seek damages.

**FOURTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(In the Alternative)**

84. Plaintiffs incorporate by reference and all facts alleged above.

85. Plaintiffs assert this claim in the alternative to the above-listed claims.

86. By the acts and conduct described herein, Plaintiffs and the other members of the Classes conferred a benefit on Defendant by purchasing its Devices, the proceeds of which were retained by Defendant.

87. By the acts and conduct described herein, Defendant knowingly accepted and retained the benefit of the money paid by Plaintiffs and the other members of the Classes.

88. Defendant's retention of the money is inequitable and unjust for the reasons stated herein.

89. Plaintiffs therefore pray for relief as set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment as requested above against Defendant and further pray for:

A. An order certifying the Classes proposed in this Complaint, appointing Plaintiffs and their counsel to represent the Classes, and requiring Defendant to bear the cost of class notice;

B. Restitution and/or disgorgement of amounts paid by Plaintiffs and members of the Classes for the purchase of the Devices, together with interest from the date of payment;

C. Actual damages;

D. An order requiring Defendant to change its statements about the storage capacity of Devices to reflect the storage capacity available after preinstalled software is taken into account, and requiring other appropriate disclosures and disclaimers on the labeling, distributing, marketing, and selling of the Devices;

E. Statutory prejudgment interest;

F. Reasonable attorneys' fees and the costs of this action;

1    G.    Other legal and equitable relief under the causes of action state herein;

2    H.    A trial by jury on all issues so triable; and

3    I.    Such other relief as this Court may deem just and proper.

4                        **DEMAND FOR JURY TRIAL**

5    Plaintiffs hereby demand a trial by jury with respect to all claims so triable.

6

7    Date: February 3, 2015                Respectfully submitted,

8                                          /s Jonas P. Mann_____

9                                          **AUDET & PARTNERS, LLP**
                                           Michael McShane (SBN 127944)
10                                         Jonas P. Mann (SBN 263314)
                                           221 Main Street, Suite 1460
11                                         San Francisco, CA 94105
                                           Telephone: (415) 568-2555
12                                         Facsimile: (415) 576-1776
                                           mmchane@audetlaw.com
13                                         jmann@audetlaw.com

14

15                                         **HALUNEN & ASSOCIATES**
                                           Melissa W. Wolchansky
16                                         wolchansky@halunenlaw.com
                                           Clayton Halunen
17                                         halunen@halunenlaw.com
                                           1650 IDS Center
18                                         80 South Eighth Street
                                           Minneapolis, Minnesota 55402
19                                         Telephone: (612) 605-4098
20                                         Facsimile: (612) 605-4099

21                                         **CUNEO GILBERT& LADUCA LLP**
22                                         Charles J. Laduca
                                           charlesj@cuenolaw.com
23                                         Matthew E. Miller
                                           William H. Anderson
24                                         507 C Street, NE
                                           Washington, DC 20002
25                                         Telephone: (202) 789-3960
26                                         Facsimile: (202) 789-1813

27

28

CLASS ACTION COMPLAINT

**LOCKRIDGE GRINDAL NAUEN PLLP**
Robert Shelquist
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com

**BARON & HERSKOWITZ**
Jon M. Herskowitz
9100 S. Dadeland Blvd.
Suite 1704
Miami, FL 33156
Telepohone: (305) 670-0101
Fax: (305) 670-2393
jon@bhfloridalaw.com

**DECLARATION OF VENUE**

I, Steven Neocleous, declare as follows:

1.    I am a Plaintiff in this action. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.    My Complaint filed in this matter contains causes of action for violation of the California Consumer Legal Remedies Act against Defendants.

3.    The Complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(c) in that Defendants maintain their principal place of business in Santa Clara County, which is within the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing declaration is true and correct, and was executed by me at Flushing, New York on January 31, 2015.

_____
Steven Neocleous

**DECLARATION OF VENUE**

I, Shaefer Wiese, declare as follows:

1.  I am a Plaintiff in this action. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.  My Complaint filed in this matter contains causes of action for violation of the California Consumer Legal Remedies Act against Defendants.

3.  The Complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(c) in that Defendants maintain their principal place of business in Santa Clara County, which is within the Northern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing declaration is true and correct, and was executed by me at Minneapolis, Minnesota on January 31, 2015.

Shaefer Wiese